IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| NELSON J. HOGQUIST, | } |
| Plaintiff, | } |
| vs. | } Civil Action No.: 3:21-cv-5013-MDH |
| PACCAR, INC., et al., | } |
| Defendants. | } |

## ORDER

Before the Court is Defendant WABCO USA, LLC's ("WABCO") Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. 48). For the reasons set forth herein, the motion is **GRANTED**, and Defendant WABCO is dismissed as a party in the above-captioned lawsuit, and all claims against WABCO are dismissed.

## BACKGROUND

WABCO filed the instant motion along with Suggestions in Support (Doc. 49) on May 6, 2021. Plaintiff filed a motion for an extension of time to respond to the motion to dismiss on May 28, 2021, requesting a response deadline of June 19, 2021, which was granted. However, Plaintiff never responded to the motion to dismiss.

Plaintiff filed a seven-count First Amended Complaint against WABCO and two other defendants, alleging injuries resulting from the alleged malfunction of a "Collision Mitigation System" ("CMS") in a 2019 Kenworth T680 commercial semi-truck (the "Truck") Plaintiff was operating. *See* Plaintiff's First Amended Complaint, ¶¶ 12, 14, 15. Of those claims, Plaintiff brings claims for strict liability for defective design, strict liability for failure to warn, negligence, and *res ipsa loquitor* against WABCO. Plaintiff is a resident of Texas and was employed as an over-the-

1

Case 3:21-cv-05013-MDH    Document 86    Filed 07/27/21    Page 1 of 7

road truck driver for CFI, of Joplin, Missouri. *See* Plaintiff's First Amended Complaint, ¶ 1. CFI is not a party to this litigation.

Plaintiff claims that, on two separate occasions while he was operating the Truck, its CMS activated, causing a sudden and violent deceleration and resulting in his injuries and damages. *See* Plaintiff's First Amended Complaint, ¶ 14 and 15. Plaintiff does not allege where these incidents occurred. *See* Plaintiff's First Amended Complaint, generally. The only alleged connection to Missouri in Plaintiff's First Amended Complaint is that the Truck, not the CMS at issue, was sold or leased to Plaintiff's employer, CFI of Joplin, Missouri. *See* Plaintiff's First Amended Complaint, ¶ 9.

As to WABCO specifically, Plaintiff alleges WABCO is a Delaware corporation with its principal place of business in Switzerland1 and was registered to do business in Missouri until 2019. *See* Plaintiff's First Amended Complaint, ¶¶ 5, 7. There is no allegation WABCO conducted any business with CFI or played any part the sale or lease of the Truck to CFI in Missouri.

According to the Complaint, the alleged faulty CMS was designed by WABCO or Bendix, a co-defendant in this action. *See* Plaintiff's First Amended Complaint, ¶ 9. There are no allegations in Plaintiff's First Amended Complaint that the CMS was designed, marketed, or sold in Missouri; no allegations that the CMS was installed into the truck at issue in Missouri; and no allegations that the alleged injury-causing malfunctions happened in Missouri. *See* Plaintiff's First Amended Complaint generally.

WABCO alleges that Plaintiff's First Amended Complaint is insufficient to assert personal jurisdiction over WABCO. Further, WABCO argues that it is not subject to general jurisdiction and that the Court should dismiss this action against WABCO in its entirety.

## STANDARD

"To allege personal jurisdiction, a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *Dairy Farmer of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 474-5 (8th Cir. 2012). If the defendant denies jurisdiction, "the plaintiff bears the burden of proving facts supporting personal jurisdiction." *Id.* A court can exercise either specific or personal jurisdiction over a defendant. "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." *Marine Concepts, LLC v. Marco Canvas & Upholstery, LLC*, 2015 WL 403078 at *2 (W.D.Mo. 2015), quoting *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KC,* 646 F3d 589, 593 (8th Cir. 2011) (citations and internal quotations omitted).

## DISCUSSION

Plaintiff's First Amended Complaint fails to allege sufficient facts to exercise either specific or general jurisdiction over WABCO. Furthermore, Plaintiff does not contest WABCO's arguments.

1. **Specific Jurisdiction is Improper over WABCO**

Specific jurisdiction "encompasses cases in which the suit arises out of or relates to the defendant's contacts with the forum." *Daimler AG v. Bauman,* 134 S. Ct. 746, 748-49 (2014). It is undisputed WABCO is not a resident of Missouri. "When assessing whether personal jurisdiction exists over a nonresident defendant, jurisdiction must be authorized by Missouri's long arm statute and the defendant must have sufficient minimum contacts with the forum state to satisfy due

process." *Downing v. Goldman Phipps, PLLC*, 764 F.3d 906, 911 (8th Cir. 2014). Plaintiff's First Amended Complaint satisfies neither.

The relevant portions of Missouri's long arm statute provide:

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
   (1) The transaction of any business within this state;
   (2) The making of any contract within this state;
   (3) The commission of a tortious act within this state;

RSMo. § 506.600. "In all instances, the long-arm statute requires that the cause of action arise from the doing of the enumerated act" in or directed at the state of Missouri. *Rafferty v. Rafferty*, 2016 WL 319593, at *2 (E.D. Mo. 2016).

According to the Complaint, either WABCO or Bendix designed, manufactured, and distributed a faulty CMS. *See* Plaintiff's First Amended Complaint, ¶ 8 and 9. There is no allegation the CMS was designed, manufactured, or distributed in Missouri. The particular CMS at issue was then allegedly installed in a specific Kenworth truck. *See* Plaintiff's First Amended Complaint, ¶¶ 3, 12. Again, there is no allegation or evidence that the subject CMS's sale, distribution, or installation occurred in Missouri, or that WABCO installed the CMS. Co-defendant PACCAR then sold or leased the Truck to Plaintiff's employer CFI, which was located in Joplin, Missouri. *See* Plaintiff's First Amended Complaint, ¶ 12. There is no allegation WABCO played any part in the sale or lease of the Truck. The Truck was then assigned to Plaintiff, who is a Texas resident. There is no allegation or evidence Plaintiff physically received the Truck in Missouri or had any contact with the Truck in Missouri. Finally, the CMS allegedly malfunctioned on two separate occasions, ultimately injuring Plaintiff. *See* Plaintiff's First Amended Complaint, ¶¶ 14

and 15. Plaintiff does not allege where these malfunctions allegedly occurred. In any event, he does not allege these malfunctions occurred in Missouri.

It cannot be said that any "tortious act" WABCO committed in Missouri gave rise to Plaintiff's claims. Plaintiff brings the following torts against WABCO: strict liability for defective manufacture and/or design of the CMS, strict liability for failure to warn Plaintiff about the dangers of the CMS, negligence regarding the manufacture and/or design of the CMS, and a *res ipsa loquitor* claim against all defendants regarding the CMS's malfunction. Analyzing these claims reveals three potential tortious acts allegedly committed by WABCO: (1) defectively or negligently designing the CMS; (2) failing to warn Plaintiff regarding the potential dangers of the CMS; (3) the actual malfunction of the CMS, causing injury to Plaintiff. None of the allegedly tortious acts were committed in Missouri nor alleged to have been committed in Missouri.

State and federal courts in Missouri have found similar allegations insufficient to establish a defendant committed a tortious act in Missouri. *See Harrison v. Union Pacific R. Co.*, 45 F.Supp.2d 680 (E.D. Mo. 1999) (personal jurisdiction lacking over a defendant who conducts business in Missouri and allegedly caused the death of the decedent in Arkansas since nothing concerning the defendants' "alleged negligence had actionable consequences in Missouri"); *Anderson Trucking Services, Inc. v. Ryan*, 746 S.W.2d 647 (Mo. App. 1988) (nonresident defendant trucking company did not commit a tortious act in Missouri against a Missouri resident as a result of a trucking accident that occurred outside of Missouri). As a result, Plaintiff fails to satisfy the Missouri long arm statute. Specific jurisdiction is improper.

2. **General Jurisdiction is Improper over WABCO**

Plaintiff also cannot establish general jurisdiction over WABCO. In *Daimler*, the United States Supreme Court held that the due process inquiry for exercising general jurisdiction over a

5

foreign corporation is no longer "whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic.'" 134 S. Ct. at 761. Rather, it is whether that corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* The "paradigm bases for general jurisdiction" such that a corporation is "at home" in the forum State are the corporation's "place of incorporation and principal place of business." *Id.* at 760. Outside of these "paradigm" examples, "exceptional circumstances" are required. *Id.* at 761 n. 19. Missouri courts have even gone so far to say, "a court normally can exercise general jurisdiction over a corporation only when the corporation's place of incorporation or its principal place of business is in the forum state." *State ex. rel. Norfolk Southern Railway Company v. Dolan*, 512 S.W.3d 41, 46 (Mo. 2017).

In order for a defendant to be "essentially at home" in a forum state, the contacts must be "so extensive and all-encompassing that Missouri, in effect, becomes another home state." *Id*. at 44. Doing business in the state is not enough, as "finding a corporation at home wherever it does business would destroy the distinction between general and specific jurisdiction." *Id.* at 48. Therefore, "mere contacts, no matter how systemic and continuous, are extraordinarily unlikely to add up to an exceptional case." *Id.,* quoting *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d Cir. 2016).

General jurisdiction cannot be established over WABCO. WABCO is not incorporated in Missouri, not does it have its principal place of business in Missouri. Relating to "continuous and systematic contacts," WABCO's limited Missouri contacts cannot be considered an "exceptional case" as to render WABCO essentially at home in Missouri.

## CONCLUSION

Based on the facts in the case and allegations in Plaintiff's First Amended Complaint, personal jurisdiction is improper over WABCO. The First Amended Complaint fails to establish either specific or general jurisdiction over WABCO. Therefore, WABCO's Motion to Dismiss for Lack of Jurisdiction (Doc. 48) is **GRANTED**, and Plaintiff's First Amended Complaint against WABCO dismissed in its entirety.

**IT IS SO ORDERED.**

Dated: July 27, 2021

 */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**United States District Judge**