IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| **NELSON J. HOGQUIST,** | } |
| Plaintiff, | } |
| vs. | } Civil Action No.: 3:21-cv-5013-MDH |
| **PACCAR, INC., et al.,** | } |
| Defendants. | } |

## ORDER

Before the Court is Plaintiff's Motion to Consolidate with Related Case for Discovery Purposes Only. (Doc. 87). Both Defendants Bendix Commercial Vehicle Systems, LLC, ("Bendix") and Paccar, Inc. ("Paccar") assert that they do not oppose Plaintiff's Motion. Defendant Paccar's response indicates that it is in partial opposition to the Motion, yet it agrees with the Motion as well as Defendant Bendix's response that the two cases should be consolidated for the limited purpose of discovery only.

This is a products liability claim alleging that Plaintiff Nelson Hogquist ("Hogquist") was injured when the Collision Mitigation System ("CMS") on the Kenworth T680 truck (the "Truck") he was driving malfunctioned. Specifically, Hogquist alleges that the CMS activated when there was no other vehicle nearby and there was no safety-based reason or cause for the deceleration. The activation caused an unexpected, sudden, and violent deceleration from highway speed resulting in injury. (Doc. 45, Amended Complaint, ¶14-16).

The Kenworth Truck was manufactured, distributed and sold by Defendant Paccar, Inc. and the CMS system installed therein was manufactured, distributed and sold by Bendix Commercial Vehicle Systems, LLC, WABCO USA, LLC, or WABCO Automotive Control

1

Systems, Inc. (Doc. 45, Amended Complaint, ¶12). The Truck in question was sold and/or leased by Paccar to CFI, Inc., a trucking company in Joplin, Missouri. Plaintiff was employed by CFI, Inc. in Joplin, Missouri. CFI, Inc. assigned the Truck to Plaintiff in Joplin, Missouri for use as an over-the-road truck driver. (Doc. 45, Amended Complaint, ¶1, 12).

This action was filed January 25, 2021. A Case Management Order was entered on April 2, 2021 setting December 1, 2021 for Plaintiff's expert disclosure; close of discovery on February 16, 2022, and September 12, 2022 for trial. Written discovery has been exchanged; however, Defendants have not provided any substantive responses to discovery as no protective order has yet been entered in the case. No depositions have been taken. Discovery is ongoing to determine the manufacturer of the CMS installed on the Truck.

On July 27, 2021, undersigned counsel filed a related case in this Court for Plaintiff Clayton Haskell ("Haskell") against the same Defendants. (*Clayton Haskell v. Paccar, Inc., et al*; 3:21-cv-5067). Haskell was also employed by CFI, Inc. in Joplin, Missouri as an over-the-road truck driver; Haskell was assigned a Kenworth T680 that was sold or leased to CFI in Joplin, Missouri for use in his work; and Haskell alleges that CMS on the truck he was driving malfunctioned in the same manner alleged by Hogquist, i.e., the system activated when there was no other vehicle nearby and there was no safety-based reason or cause for the deceleration.

The Hogquist and Haskell cases involve identical defendant parties and common issue of law and fact including, the (1) design and manufacturer of CMS by Bendix Commercial Vehicle Systems, LLC, WABCO USA, LLC, or WABCO Automotive Control Systems, Inc.; (2) the installation of such systems in Kenworth T680 Tractors manufactured by Paccar; (3) similar reported malfunctions in the CMS and Kenworth trucks and CMSs; and (4) the maintenance, repair and reported problems experienced with Paccar/Kenworth tractors in CFI's fleet, much of which

is located in Joplin, Missouri. A substantial amount of overlapping discovery is expected in the two cases, not only from party-defendants, but also from third-parties, including CFI, Inc.

Federal Rule of Civil Procedure 42 provides for consolidation of cases where there are common questions of law or fact. Specifically, Rule 42 provides:

(a) **Consolidation**. If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

(b) **Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Pursuant to Rule 42, the Court has discretion to consolidate cases for purposes of discovery. *Rausch v. Damon*, 1984 WL 3648, No. No. 83–1161–CV–W–8 (W.D. Mo. Sept. 5, 1984) (granting consolidation for discovery and holding "[i]t is for the court to weigh the savings of time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause.") (citing 9 Wright & Miller, *Federal Practice & Procedure,* § 2383 p. 259 (1971)).

Plaintiff believes the *Hogquist* and *Haskell* cases are appropriate to consolidate for discovery purposes to avoid duplicative effort, expense and court time, and to avoid conflicting rulings in the two cases. Defendants do not object.

Accordingly, The Court **GRANTS** Plaintiff's Motion (Doc. 87), and it is hereby **ORDERED** that the above-captioned case and *Clayton Haskell v. Paccar, Inc., et al*; 3:21-cv-5067 are to be consolidated for the limited purpose of discovery only.

**IT IS SO ORDERED.**

Dated: September 7, 2021   /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**